IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



QASIM S. AZEEZUDIN,

    Plaintiff,

v.                                                    Civil Action No. 3:19CV258

EVERETT E.C. HARRIS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Qasim S. Azeezudin, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] In his Particularized Complaint ("Complaint," ECF No. 12), Azeezudin contends that Defendants Everett E.C. Harris, the Sheriff of the City of Suffolk, and Jon Doe, a Deputy Officer with the Suffolk Sheriff's Department, violated his Eighth Amendment rights[2] when transporting Azeezudin in his wheelchair. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, the action will be dismissed as frivolous and for failure to state a claim.

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action: (1) "is frivolous;" or, (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and

2

conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Claims

Azeezudin alleges the following:[3]

3. I was in a wheelchair due to surgery on my right ankle.
4. I could not stand and walk.
5. I told the deputy it was not safe to lean my wheelchair back.
6. I was flipped over in my wheelchair.
7. There was no wheelchair ramp in the courthouse loading dock.

---

[3] The Court corrects the capitalization, punctuation, and spelling in quotations from the Complaint. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court also notes that Plaintiff spells his name "Azeezudin" in the caption of the Particularized Complaint, but then later spells it as "Azeezuddin." The Court uses the first spelling in this Memorandum Opinion.

3

8. The inmate loading dock is not handicap accessible.
9. I was leaned back in my wheelchair to be pushed off the sidewalk.
10. I hurt my neck and back.
11. I was transported to Obic hospital.
12. I have pain in neck and back.

### Civil Right Violated

13. Unsafe conditions violated my rights and constituted cruel and unusual punishment under the Eighth constitut[ional] Amendment of United States Constitution.

. . . .

### Legal Claims

15. Defendant Harris is the Sheriff of the City of Suffolk, Virginia. He is legally responsible for the operation of Suffolk Virginia Sheriff['s] Department and for the welfare of all the inmate[s] that enter the court building. By not doing so, [he] violated Plaintiff Azeezudin['s] right[s] under the Eighth Amendment to the United States Constitution, and caused Plaintiff Azeezudin pain, suffering, physical injury, and emotional distress.
16. Defendant Jon Doe was asked by myself Plaintiff Azeezudin before my fall that it was not safe to lean my wheelchair. Defendant Jon Doe flipped the wheelchair with me in it as we fell[], I hurt my neck and back. I was transported by ambulance to the hospital. I told Jon Doe not to roll my chair off the sidewalk without a wheelchair ramp but he refused to listen to my plea. By not doing so, [he] violated Plaintiff Azeezudin['s] right[s] under the Eighth Amendment to the United States Constitution, and caused Plaintiff pain, suffering, physical injury, and emotional distress.

(Compl. 2–5.) Azeezudin seeks damages, declaratory relief, and an injunction "to make the Defendants Harris and Jon Doe to make the sally port to the City of Suffolk, Virginia handicap accessible." (*Id.* at 5–6.)

The Court construes Azeezudin to raise two claims:

Claim One: Defendants violated Azeezudin's Eighth Amendment rights because there is no handicap access for the prisoner entrance at the Suffolk courthouse.

Claim Two: Defendants violated Azeezudin's Eighth Amendment rights when he leaned Azeezudin's wheelchair to move him off the sidewalk.

## III. Analysis

### A. No Personal Involvement

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted). Although Azeezudin briefly mentions Defendant Harris in the body of the Particularized Complaint, he fails to allege facts indicating that he was personally involved in the deprivation of his Eighth Amendment rights.

With respect to Claim Two, Azeezudin alleges that Defendant Harris should be held liable under a theory of *respondeat superior* simply based on his position as sheriff. (Compl. 1, 3–4.) However, Azeezudin's Particularized Complaint is completely devoid of any facts that would plausibly suggest that Defendant Harris was personally involved in the incident where Azeezudin fell from his wheelchair.[4] Accordingly, Claim Two against Defendant Harris is DISMISSED.

---

[4] To the extent that Azeezudin contends that Defendant Harris is somehow liable on a theory of supervisory liability, that claim would fail. To show that a supervising officer failed to fulfill his duties to protect an inmate by ensuring his subordinates act within the law, the inmate must show that:

5

In Claim One, Azeezudin faults Defendants Harris and Jon Doe with failing to have a handicap ramp at the entrance for inmates into the courthouse. Azeezudin fails to allege facts that plausibly suggest that either Defendant Harris as Sheriff of the City of Suffolk or Defendant Jon Doe who is presumably a deputy sheriff, had any personal responsibility for making decisions or creating policies for the physical infrastructure of the Suffolk courthouse and surrounding access points. The municipal government of the City of Suffolk maintains the courthouse facility, not the Sheriff. *See* Va. Code§ 15.2–1638 (2020) (explaining that the "keeping of [courthouses] in good order, shall be chargeable to the county or city"); Va. Code § 15.2–1643 (2020) (explaining procedure for courthouse repairs or improvements for safety which involves the circuit court issuing a mandamus naming "members of the city council"). In Virginia, a sheriff is a constitutional officer that serves independent of city governments. *Sherman v. City of Richmond*, 543 F. Supp. 447, 449 (E.D. Va. 1982). A sheriff "has been granted the authority to make policy for the Sheriff's Department, not for the County" or the city. *Himple v. Moore*, 673 F. Supp. 758, 759 (E.D. Va. 1987). Thus, Azeezudin fails to allege facts indicating that Defendants are liable to him for the lack of inmate handicap access at the courthouse. Accordingly, Claim One will be DISMISSED.

---

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted) (citations omitted). Azeezudin fails to allege facts that support any one of these three factors. *See Oliva v. Rupert*, 555 F. App'x 287, 288 (5th Cir. 2014) (citations omitted) (no supervisory liability for warden when inmate who fell exiting van failed to show warden "was directly involved in events at issue" or a "failed to supervise or train the transporting officers").

6

## B. Claim Two Against Defendant Jon Doe

To allege an Eighth Amendment claim, an inmate must allege facts that indicate: (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To demonstrate such extreme deprivation, Azeezudin "must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Id.* at 634 (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those

7

general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

In Claim Two, Azeezudin contends that he was in a wheelchair and "could not stand and walk." (Compl. 2.) Azeezudin contends that he informed Defendant Jon Doe "it was not safe to lean my wheelchair back," however, Defendant Jon Doe "leaned [him] back in [his] wheelchair to be pushed off the sidewalk." (*Id.*) Azeezudin claims that he "flipped over" and "hurt [his] neck and back." (*Id.*) At this juncture, the Court assumes Azeezudin's injuries were sufficiently serious to satisfy the Eighth Amendment pleading standards. However, Azeezudin has not alleged facts that plausibly suggest that Defendant Jon Doe knew of and disregarded a substantial risk of harm to Azeezudin while he was transporting him. Rather, as discussed below, Azeezudin's claim sounds in negligence and thereby fails to state a claim of constitutional dimension.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337 (1981). However, "individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury." *Ball v. City of Bristol, Va., Jail*, No. 7:10CV00303, 2010 WL 2754320, at *1 (W.D. Va. July 12, 2010) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). Here, Azeezudin specifically states that he "could not stand and walk." (Compl. 2.) Thus, Azeezudin by his own admission, could not aid himself in getting

8

over the sidewalk by standing up or walking and, therefore, required someone to push his wheelchair over the curb of the sidewalk. Although Azeezudin "told the deputy it was not safe to lean [the] wheelchair back," Azeezudin fails to allege facts that plausibly suggest that Defendant Jon Doe knew of and disregarded an excessive risk of harm to Azeezudin's health or safety by leaning the wheelchair to disembark from the sidewalk. *Wilson*, 501 U.S. at 298; *see Hare v. City of Corinth, Miss.*, 74 F.3d 633, 649 (5th Cir. 1996) (citation omitted) (internal quotation marks omitted) ("Deliberate indifference, *i.e.*, the subjective intent to cause harm, cannot be inferred from a prison guard's failure to act reasonably. If it could, the standard applied would be more akin to negligence that deliberate indifference.").

Rather, Azeezudin's claim sounds in negligence, which does not give rise to a federal constitutional claim. *Cf. Atkins v. Lofton*, 373 F. App'x 472, 473 (5th Cir. 2010) (citation omitted) (holding that "unfortunate fall from the stretcher was the result of the ERT's carelessness or negligence, neither of which constitutes deliberate indifference"); *Reynolds v. Powell*, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (finding that slippery conditions arising from standing water in shower was not a condition that posed a substantial risk of serious harm, even where inmate was on crutches and warned employees that he faced a heightened risk of failing); *Beasley v. Anderson*, 67 F. App'x 242, 242 (5th Cir. 2003) (citations omitted) (holding slip and fall claim sounded in negligence and was insufficient to allege a constitutional claim); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906–07 (8th Cir. 1999) (citations omitted) (holding that injuries sustained from transportation in vehicles with no seatbelts failed to present a "substantial risk of serious harm," and "constitute[d] negligence at most"); *Brown v. Walton*, No. 3:17CV338, 2018 WL 3946534, at *4 (E.D. Va. Apr. 16, 2018) (finding injured inmate alleged only negligence when officer drove recklessly knowing that inmate had no operable

9

seatbelt).[5] Because Azeezudin fails to state anything more than a claim of negligence, he fails to state an Eighth Amendment claim against Defendant Jon Doe.[6] Accordingly, Claim Two against Defendant Jon Doe will be DISMISSED.

### IV. Conclusion

Accordingly, Azeezudin's claims will be DISMISSED. The action will be DISMISSED. The Clerk will be directed to note the disposition of this action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: MAR 2 3 2020
Richmond, Virginia

---

[5] The Court recognizes that, in cases where the facts show that an officer acted with a malicious intent to punish, an inmate may state a cognizable Eighth Amendment claim of excessive force. *See, e.g., Thompson v. Virginia*, 878 F.3d 89, 95 (4th Cir. 2017). However, that is not what Azeezudin alleges in this case. In *Thompson*, the United States Court of Appeals for the Fourth Circuit indicated that the excessive force standard is appropriate for a case where an officer used force "maliciously and sadistically to cause harm," 878 F.3d at 98 (citation omitted), whereas the deliberate indifference standard is appropriate in the instance of an officer who knew of and disregarded a substantial risk of serious harm to an inmate, *see id.* at 107. The Fourth Circuit went to great lengths to distinguish those cases where the facts failed to show that an officer acted with malicious intent to cause harm or where the facts failed to show that an officer drove knowing that there was a substantial risk that an inmate would suffer harm, such as intentionally driving recklessly to scare or injure an inmate. *See id.* at 101–02; 107–09. Azeezudin alleges no facts that would plausibly suggest that Defendant John Doe moved his wheelchair with malicious intent to cause harm.

[6] Negligence is a state law claim, as opposed to a federal claim. Plaintiff may bring a negligence claim in state court, but his lawsuit fails to state a claim upon which relief may be granted in federal court.

10